IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FILOMENO ORGANISTA GOMEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:25-CV-00318 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| ALEXANDER SANCHEZ, in his official | § | |
| capacity as Warden of the IAH Secure Adult | § | |
| Detention Facility; BRET BRADFORD, in his | § | |
| official capacity as Field Office Director of ICE | § | |
| Enforcement and Removal Operations Houston | § | |
| Field Office; KRISTI NOEM, in her official | § | |
| capacity as Secretary of the Department of | § | |
| Homeland Security; and PAMELA J. BONDI, | § | |
| in her official capacity as Attorney General of | § | |
| the United States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR
## TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Before the Court is Petitioner Filomeno Organista Gomez's Motion for Temporary Restraining Order and Injunctive Relief (the Motion) [Dkt. 2]. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Petitioner Filomeno Organista Gomez (Gomez) is a Mexican national who has resided in the United States for ten years. *Id.* at ¶ 12. On November 5, 2025, United States Immigration and Customs Enforcement (ICE) took Gomez into custody following a traffic stop and initiated removal proceedings against him. *Id.* at ¶ 19. An immigration judge declined to consider Gomez's request for a bond hearing, citing a recent Board of Immigration Appeals decision deeming illegal entrants like Gomez[1] ineligible for bond. *Id.* at ¶ 22. On November 24, 2025, Gomez brought this habeas action, claiming that his

---

[1] Gomez does not expressly admit to being in the United States illegally. However, he has stated his intent to apply for cancellation of removal under 8 U.S.C. § 1229(b)(1), a provision that applies only to "alien[s] who are inadmissible or deportable." *See* 8 U.S.C. § 1229(b)(1).

1

detention without a bond hearing violates the Fifth Amendment to the United States Constitution. *See* [Dkt. 2 at 9–10]. That same day, Gomez filed this Motion for a temporary restraining order requiring ICE to release him immediately. *See* [Dkt. 2 at 13].

## II. LEGAL STANDARD

### A. Temporary Restraining Order

#### 1. Substantive Requirements

The general purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Temporary restraining orders are "a highly accelerated and temporary form of preliminary injunctive relief." *Lee v. Verizon Commc'ns, Inc.*, No. 3:12–CV–4834–D, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012). As such, the party moving for a temporary restraining order must satisfy the same four requirements as a party requesting a regular preliminary injunction. *Bowling v. Dahlheimer*, No. 4:18-CV-00610-ALM-CAN, 2018 WL 6582826, at *1 (E.D. Tex. Oct. 3, 2018).

First, the moving party must demonstrate a substantial likelihood of success on the merits. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). Second, the moving party must demonstrate a substantial risk of suffering irreparable harm for which there is no adequate legal remedy. *Id.*; *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("[H]arm is irreparable where there is no adequate remedy at law, such as money damages."). Third, the threatened harm to the moving party must outweigh the injury that a temporary restraining order would inflict upon the opposing party. *Id.* Finally, the requested temporary restraining order must not disserve the public interest. *Id.*

## III. DISCUSSION

### A. Substantial Likelihood of Success on the Merits

To assess likelihood of success on the merits, courts look to "standards provided by the

2

substantive law." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). The moving party must present a prima facie case but does not need to prove his entitlement to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009).

### 1. Habeas Corpus

A habeas petition's "sole function" is to challenge the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Here, Gomez challenges his detention on both statutory and constitutional grounds.

### a. Statutory Grounds

Gomez first claims that ICE "lack[s] statutory authority to detain him while removal proceedings are pending [] and no removal order has been issued." [Dkt. 1 at ¶ 25]. The plain language of 8 U.S.C. § 1226(a) pours cold water on Gomez's argument. *See* 8 U.S.C. § 1226(a). Section 1226(a) provides that, pursuant to the Attorney General's warrant, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* If that weren't enough, the statute further provides that the Attorney General "may continue to detain the arrested alien" pending a final removal decision. *Id.* § 1226(a)(1).

Gomez's detention is exactly the kind that section 1226(a) permits. *See id.* Gomez is an alien undergoing removal proceedings, and for whom no removal order has been issued. *See* [Dkt. 2 at ¶¶ 12, 19, 20]. Under these circumstances, section 1226(a) authorizes Gomez's arrest, detention, and continued detention while his removal proceedings remain ongoing. *See* 8 U.S.C. § 1226(a).

### b. Constitutional Grounds

Gomez also challenges the legality of his detention under the Fifth Amendment to the United States Constitution. [Dkt. 1 at ¶¶ 28–36]. Gomez contends that his detention violates due

process for two reasons: first, because his detention is indefinite, and second, because he is eligible for discretionary cancellation of removal under 8 U.S.C. § 1229(b)(1). [Dkt. 2 at ¶¶ 38–51]. Neither argument is likely to succeed on the merits.

Gomez's first argument—that his detention is indefinite and therefore violates due process—is contrary to Supreme Court precedent. *See Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *DeMore v. Kim*, 538 U.S. 510, 529 (2003). The Supreme Court has repeatedly held that detention "pending a decision on whether [an] alien is to be removed from the United States" is not indefinite. *Jennings*, 583 U.S. at 304; *Kim*, 538 U.S. at 529. Rather, the conclusion of removal proceedings serves as a definite end point. *See Jennings*, 583 U.S. at 304; *Kim*, 538 U.S. at 529. Because Gomez's detention is not indefinite, his claim to habeas relief based on indefinite detention likely fails on the merits.

Gomez's second constitutional argument is even less likely to succeed. Gomez claims that, because he meets the statutory criteria for cancellation of removal under 8 U.S.C. § 1229(b)(1), his continued detention violates due process. *See* [Dkt. 2 at ¶ 47]. Though Gomez may well meet section 1229(b)(1)'s eligibility requirements, immigration judges ultimately decide, in their discretion, whether to cancel removal proceedings. *See Wilkinson v. Garland*, 601 U.S. 209, 209 (2024). In other words, relief under section 1229(b) is discretionary. Even when a plaintiff is eligible for discretionary relief, denial of that relief "does not rise to the level of a constitutional violation." *Finlay v. I.N.S.*, 210 F.3d 556, 557 (5th Cir. 2000). Here, Gomez did not even apply for relief under section 1229(b); he is merely eligible for it. *See* [Dkt. 2 at ¶ 41]. Due process does not require his release under these circumstances.

In sum, Gomez's petition for habeas relief is unlikely to succeed on the merits. As a result, he does not meet the requirements for a temporary restraining order.

## IV. CONCLUSION

It is therefore **ORDERED** that Gomez's Motion for a Temporary Restraining Order [Dkt. 2]

is hereby **DENIED**.


**SIGNED this 26th day of November, 2025.**


*Michael J. Truncale*
_____
Michael J. Truncale
United States District Judge

5