IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| FILOMENO ORGANISTA GOMEZ, § § § § § § § § § § § § § § § § § § | |
| *Petitioner*, | |
| v. | CIVIL ACTION NO. 9:25-CV-00318 JUDGE MICHAEL J. TRUNCALE |
| ALEXANDER SANCHEZ, in his official capacity as Warden of the IAH Secure Adult Detention Facility; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States, | |
| *Respondents*. | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR INJUNCTIVE RELIEF

Before the Court is Petitioner Filomeno Organista Gomez's Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Filomeno Organista Gomez (Gomez) is a Mexican national who has resided in the United States for ten years. *Id.* at ¶ 12. On November 5, 2025, United States Immigration and Customs Enforcement (ICE) took Gomez into custody following a traffic stop and initiated removal proceedings against him. *Id.* at ¶ 19. An immigration judge declined to consider Gomez's request for a custody redetermination, citing a recent Board of Immigration Appeals decision deeming illegal entrants like

Gomez[1] ineligible for bond. *Id.* at ¶ 22. On November 24, 2025, Gomez filed this habeas action, claiming that his detention violates both the Immigration and Naturalization Act (INA)[2] and the Fifth Amendment to the United States Constitution. *See* [Dkt. 1 at 6–8]. In conjunction with his Petition, Gomez moved for a temporary restraining order seeking immediate release from custody [Dkt. 2], which the Court denied on November 26, 2025. [Dkt. 3]. On December 10, 2025, Gomez filed a "response"[3] to the Court's denial of his motion for a temporary restraining order, which "clarifie[d] and narrow[ed]" his arguments for habeas relief. [Dkt. 4].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Gomez initially challenged the legality of his detention on three separate grounds: (1) that the Government lacked any statutory authority to detain him during removal proceedings; (2) that the Government violated substantive due process by detaining him indefinitely despite his eligibility for cancellation of removal; and (3) that the Government violated procedural due process by failing to

---

[1] Gomez does not expressly admit to being in the United States illegally. However, he has stated his intent to apply for cancellation of removal under 8 U.S.C. § 1229(b)(1), a provision that applies only to "alien[s] who are inadmissible or deportable." *See* 8 U.S.C. § 1229(b)(1).

[2] 8 U.S.C. § 1101 et seq.

[3] Gomez's response reads more like an amended petition. The Court will therefore construe it as such.

afford him a custody redetermination. [Dkt. 1; Dkt. 2]. However, he has since abandoned the first two positions. *See* [Dkt. 4 at 2–3].

### A. Denial of Custody Redetermination

Gomez argues that he is entitled to a custody redetermination before an immigration judge under 8 U.S.C. § 1226(a), and that the Government's failure to afford him one violates due process and the INA.

### 1. INA

Gomez is one of many illegal entrants claiming to have been improperly detained under 8 U.S.C. § 1225(b)(2)(A), which precludes detainees from being released on bond.[4] *See* 8 U.S.C. § 1225(b)(2)(A). Instead, Gomez and his counterparts argue that they should have been detained under 8 U.S.C. § 1226(a), which makes bond available.[5] *See id.* § 1226(a). Section 1225(b)(2)(A) provides that aliens "*shall be* detained" pending removal if they are "applicants for admission" and not deemed "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Any alien "present in the United States who has not been admitted" is an "applicant for admission." 8 U.S.C. § 1225(a)(1). Because section 1225(b)(2)(A) provides that applicants for admission "shall be" detained during removal proceedings, aliens detained under the statute do not receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Section 1226(a), on the other hand, provides that aliens "may be arrested and detained" pending removal proceedings, at the Attorney General's discretion. 8 U.S.C. § 1226(a). Once an alien is detained under section 1226(a), the Attorney General may "continue to detain the arrested alien" or

---

[4] *See, e.g., Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, 2025 WL 3264478 at *2–3 (N.D. Tex. Oct. 24, 2025) (Hendrix, J.); *Sandoval v. Acuna*, No. 6:25-cv-01467, 2025 WL 3048926 at *1 (W.D. La. Oct. 31, 2025).

[5] Gomez reads the Court's order denying his TRO request as "recognizing that [he] is detained under section 1226(a)" instead of section 1225(b)(2)(A). [Dkt. 4 at 2]. The Court's order did no such thing. Instead, the Court simply pointed out that both section 1226(a) and section 1225(b)(2)(A) allow the Government to detain Gomez during removal proceedings, and both sections therefore undermine the arguments that Gomez raised in his TRO request.

3

order the alien released on bond. § 1226(a)(1)–(2). Section 1226 does not expressly require bond hearings either, although it allows detainees to request them when appealing initial custody determinations. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

### a. Applicability of Sections 1225(b)(2)(A) and 1226(a)

Despite his arguments to the contrary, Gomez is an "applicant for admission" as defined in section 1225. *See* 8 U.S.C. § 1225(a)(1). By his own account, Gomez entered the United States without inspection and was present in the United States at the time of his arrest. By consequence, Gomez is an alien "present in the United States who has not been admitted," which makes him an applicant for admission under section 1225's definition. *See* 8 U.S.C. § 1225(a)(1). Accordingly, section 1225(b)(2)(A) applies to him. *See id.* § 1225(b)(2)(A). However, section 1226(a), which does not distinguish between groups of aliens, could also apply to Gomez. *See id.* § 1226(a). Therein lies the dilemma.

A "basic principle of statutory construction" easily resolves this interpretive quandary. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). If two statutes, one general and one specific, apply to the same subject, the more specific statute controls unless the legislature clearly intended otherwise. *See id.*; *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974). In this case, section 1225(b)(2)(A) is the more specific statute, since it applies only to aliens who are "applicants for admission." *See* 8 U.S.C. § 1225(b)(2)(A). Here, there is no clear indication that Congress intended for section 1226(a) to displace section 1225(b)(2)(A). Accordingly, section 1225(b)(2)(A) controls. *See Radzanower*, 426 U.S. at 153; *Morton*, 417 U.S. at 550–51. Accordingly, Gomez is subject to mandatory detention and is not entitled to a bond hearing. *See* 8 U.S.C. § 1225(b)(2)(A).

The result would not change if Gomez were instead detained under section 1226(a), since neither section 1226(a) nor its accompanying regulations expressly require bond hearings. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Section 1226(a) itself merely provides that the Attorney General "*may* release" discretionarily detained aliens on bond. 8 U.S.C. § 1226(a) (emphasis

4

added). However, the Attorney General can revoke an alien's bond "at any time." *Id.* § 1226(b). Likewise, regulations passed incident to section 1226(a) provide only that aliens detained under the statute "*may* request" a custody redetermination from an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The regulations do not expressly require immigration judges to grant aliens' custody-redetermination requests or hold hearings on them. *See id.* §§ 236.1(d)(1), 1236.1(d)(1). Read most logically, section 1226(a) and its ancillary regulations make bond hearings a discretionary remedy, not a required procedure. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, even if the Government detained Gomez under section 1226(a) instead of section 1225(b)(2)(A), Gomez still would not be entitled to a bond hearing. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The Government's failure to afford Gomez a bond hearing therefore does not violate the INA and does not entitle him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### 2. Due Process

Gomez further argues that due process, if not the INA, requires the Government to give him a bond hearing. [Dkt. 1 at 16]. Even if Gomez is correct, he still is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Gomez's due-process challenge is directed not at the lawfulness of his confinement *per se*, but the lawfulness of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at ¶¶ 35, 48]. The underlying basis for his confinement—his unlawful entry into the United States—is undisputedly valid. *See id.* at ¶ 35. Accordingly, Gomez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*." *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

5

Here, a properly conducted bond hearing would not invariably result in Gomez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Gomez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Gomez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas petition is not the proper vehicle for Gomez to raise his due-process claim. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

Because Gomez has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Gomez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 22nd day of December, 2025.**

Michael J. Truncale
United States District Judge